IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| **MICHAEL DIXSON,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**ALLY FINANCIAL INC., SECURE COLLATERAL MANAGEMENT, LLC, and CARTER TOWING & REPO, LLC,**<br><br>**Defendants.** | **Civil Case Number:**<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL DIXSON (hereinafter, "Plaintiff"), a Tennessee resident, brings this Complaint by and through the undersigned attorneys against Defendants ALLY FINANCIAL INC., SECURE COLLATERAL MANAGEMENT, LLC, and CARTER TOWING & REPO, LLC (hereinafter "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after the Defendants illegally repossessed his vehicle even though they did not have an enforceable security interest in his vehicle, thereby violating Tenn. Code Ann. § 47-9-609. Plaintiff also brings a claim for the illegal repossession of his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. §


Case 1:25-cv-00172-TRM-MJD Document 1 Filed 05/23/25 Page 1 of 8 PageID #: 1

1692 and for the illegal conversion of his vehicle.

4. Plaintiff seeks statutory damages, punitive damages and actual damages, as well as attorneys fees and costs.

**PARTIES**

5. Plaintiff is a natural person and a resident of Chattanooga, Tennessee and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant ALLY FINANCIAL INC. (hereinafter referred to as "Ally Financial"), is a leading digital financial services company, with principal place of business at 500 Woodward Ave., Detroit, MI 48226 that conducts a substantial amount of business in Tennessee.

7. Defendant SECURE COLLATERAL MANAGEMENT, LLC, (hereinafter referred to as "SCM"), is a limited liability company that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its principal place of business in Dallas, Texas.

8. Upon information and belief, Defendant SCM is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant SCM is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant CARTER TOWING & REPO, LLC (hereinafter referred to as "Carter Repo"), is a repossession company, with its place of business in Harrison, Tennessee.

11. Upon information and belief, Defendant Carter Repo is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of

security interests, namely the repossession of vehicles by lenders.

12. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Carter Repo is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2018 Mercedes C300 (hereinafter "the Vehicle"), which he purchased outright for his own personal use and enjoyment from Mike's Tow & Recovery in Chattanooga, Tennessee.

15. While owned by the Plaintiff, the Vehicle has always had a clean title and no liens recorded against the title.

16. While owned by the Plaintiff, the Plaintiff has never been aware of any liens or financing secured by the Vehicle.

17. Upon information and belief, however, and unbeknownst to Plaintiff, Defendant Ally Financial claims that it has a security interest in the Vehicle, and that it is owed money on a loan.

18. The money allegedly owed on the Ally Financial loan is a consumer 'debt', as that term is used and defined in 15 U.S.C. § 1692a(5).

19. As a result, Ally Financial contracted with Defendant SCM to repossess the Plaintiff's vehicle.

20. Upon information and belief, SCM does not perform any repossessions itself in Tennessee, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Ally Financial.

21. Upon information and belief, after being contracted by Ally Financial to repossess the Plaintiff's vehicle, SCM arranged for Defendant Carter Repo to carry out the actual repossession.

22. On the morning of November 23, 2024, while the Plaintiff was out of town, the Plaintiff's wife exited their home in Chattanooga, Tennessee only to discover that the Plaintiff's vehicle was gone from the Plaintiff's driveway.

23. Believing the Vehicle to be stolen, the Plaintiff's wife called the Plaintiff who immediately called the police to report the Vehicle as stolen.

24. The police advised that the Vehicle had been repossessed by Defendant Carter Repo.

25. The Plaintiff then learned that Defendant Ally Financial, via its repossession vendor SCM, ordered the repossession.

26. The Vehicle was subsequently returned to the Plaintiff months after the unlawful repossession. However, the Vehicle was returned damaged, with zero accountability by any of the Defendants.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against SCM and Carter Repo)**

27. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

28. Plaintiff brings this Count against Defendant SCM and Carter Repo.

29. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

30. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property

if:

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C) the property is exempt by law from such dispossession or disablement.

31. At the time of the repossession, none of the Defendants had an enforceable security interest in the Plaintiff's vehicle, but they seized the Vehicle anyway and then held that vehicle even after they were alerted that they had no right to take the Vehicle.

32. Furthermore, because the Defendants did not have an enforceable security interest in the Vehicle, the Vehicle was clearly exempt by law from dispossession.

33. As a result, Defendants SCM and Carter Repo violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle.

34. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

35. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing him to waste time and effort in trying to regain possession of the Vehicle and by damaging his vehicle, and by depriving him of the use of his vehicle and the possessions contained therein.

36. By reason thereof, Defendants SCM and Carter Repo are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II
## WRONGFUL REPOSSESSION
## Tenn. Code Ann. § 47-9-609 *et seq.*
## (Against All Defendants)

37. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

38. Tennessee only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. Tenn. Code Ann. § 47-9-609.

39. At the time of the repossession, the Defendants did not have an enforceable security interest in the Plaintiff's vehicle, but they seized the Vehicle anyway and then held that vehicle for a period of time, even after they were alerted that they had no right to take the Vehicle.

40. As a direct and proximate result of the Defendants' illegal repossession, Plaintiff suffered damages, including the loss of use of the Vehicle, the loss of the right to pre repossession judicial process, damage to the Vehicle, as well as mental and emotional harm including frustration and embarrassment.

41. By illegally repossessing the Plaintiff's vehicle in violation of Tenn. Code Ann. § 47-9-609, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

42. Defendants' illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing him to waste time and effort in trying to regain possession of the Vehicle and by depriving him of the use of his vehicle.

**COUNT III**
**CONVERSION**
**(Against All Defendants)**

43. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle even though they had no enforceable security interest in the Vehicle and Plaintiff was instead entitled to the present use of his own vehicle.

45. The Defendant then held Plaintiff's vehicle for a period of time, thereby exercising control over the Plaintiff's property.

46. Defendant's conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding his vehicle for months. Defendant further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving him of the use of his vehicle, in causing Plaintiff to waste countless hours in trying to recover his vehicle, and by subjecting him to unfair and unconscionable means to collect a debt.

47. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer monetary damages, damage to his vehicle, anger, anxiety, emotional distress, frustration and embarrassment.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff actual damages incurred, as well as punitive damages;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 23, 2025

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
*Pro Hac Vice Filed Concurrently*
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*